215 W. 84th St Owner LLC v Bailey (2023 NY Slip Op 03188)

215 W. 84th St Owner LLC v Bailey

2023 NY Slip Op 03188

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Oing, J.P., Singh, Moulton, Scarpulla, Shulman, JJ. 

Index No. 153752/22 Appeal No. 450 Case No. 2022-04072 

[*1]215 West 84th St Owner LLC, Plaintiff-Respondent,
v
Adam Leitman Bailey, Esq., et al., Defendants-Appellants.

Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for appellants.
Morrison Cohen LLP, New York (Y. David Scharf of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered September 16, 2022, which, to the extent appealed from, upon granting defendants' motion to dismiss the complaint, denied defendants' request for costs, attorneys' fees, and punitive damages pursuant to Civil Rights Law § 70-a(1)(a) and (c), unanimously modified, on the law, to grant the request for costs and attorneys' fees and to remand the matter for a determination of such costs and fees, and otherwise affirmed, without costs.
Defendants are entitled to recover costs and attorneys' fees against plaintiff pursuant to the anti-SLAPP statute as amended in 2020 (see Civil Rights Law § 70-a[1][a], as amended by L 2020, ch 250). Plaintiff, a real estate developer, commenced this action against defendants in connection with defendants' legal representation of a tenant in a building that plaintiff had newly acquired, in response to, among other things, statements made by defendants to the media concerning plaintiff's harassment of the tenant in order to get him to vacate his apartment so plaintiff could develop the property into a luxury condo building. Plaintiff's action involved "public petition and participation," as defendants' statements, which concern a landlord/tenant dispute between a large real estate developer and a sole holdout tenant, constituted comments and an exercise of free speech in connection with an issue of public interest, rather than a purely private matter (Civil Rights Law §§ 70-a[1], 76-a[1][a][1], [2]; see Aristocrat Plastic Surgery P.C. v Silva, 206 AD3d 26, 29-31 [1st Dept 2022]; Cottom v Meredith Corp., 65 AD2d 165, 170-171 [4th Dept 1978], lv denied 46 NY2d 711 [1979]; Golan v Daily News, L.P., 77 Misc 3d 258, 263 [Sup Ct, NY County 2022], affd 214 AD3d 558 [1st Dept 2023]). Moreover, the action was "without a substantial basis in fact and law," as demonstrated by the court's dismissal of the complaint for failure to state a claim (Civil Rights Law § 70-a[1][a]; see also CPLR 3211[a][7], [g]).
Defendants, however, are not entitled to punitive damages because the record does not show that plaintiff commenced the action solely with malicious intent (Civil Rights Law § 70-a[1][c]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023